Filed 12/12/13  In re Galvan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re JAVIER GALVAN<br><br>on Habeas Corpus. | G049104<br><br>(Super. Ct. No. 11CF2417)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Michael Ian Garey for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT: *

Javier Galvan seeks relief from the failure to file a timely notice of appeal. The petition is granted.

After Javier Galvan admitted a probation violation in case number 11CF2417, the trial court imposed the previously suspended five-year prison term. At the sentencing hearing, Galvan had 442 days of actual credit, and although he argued he was entitled to day for day conduct credits, he only received 66 days of conduct credit at the time of the pronouncement of judgment. According to trial counsel's declaration, about three weeks after the sentencing hearing, he received a letter from Galvan asking counsel to file a notice of appeal on his behalf regarding his custody credits. According to counsel's declaration, through inadvertence and clerical error he failed to file a timely notice of appeal, but nonetheless prepared a late notice of appeal to be filed in superior court. According to superior court, the late notice of appeal was stamped "received" but not filed because it was received six days beyond the 60-day deadline to file a timely notice of appeal. (Cal. Rules of Court, rule 8.308.)

The principle of constructive filing of the notice of appeal should be applied in situations where a criminal defendant requests trial counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because an attorney, who has advised his client that he would file a notice of appeal, has a duty to file a proper notice of appeal, or tell the client how to file it himself. In this case, trial counsel advised Galvan that he would file a notice of appeal on his behalf. Galvan's reasonable reliance on the promise of trial counsel to file a timely notice of appeal entitles him to the relief requested.

---

* Before Rylaarsdam, Acting P. J., Fybel, J., and Ikola, J.

The Attorney General does not oppose Galvan's request for relief to file a late notice of appeal without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

The petition is granted. The Clerk of the Superior Court is directed to file the notice of appeal that was stamped "received" but not filed on September 27, 2013. Further proceedings, including the preparation of the record on appeal, are to be conducted according to the applicable rules of court. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.